IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD MOORE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FAMILY DOLLAR STORES, INC.<br><br>Defendant. | Case No.: 4:14-CV-01542-JAR |

### ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

Plaintiff Reginald Moore and Defendant Family Dollar Stores, Inc. ("Defendant") in the above-captioned litigation pending before the Court have entered into a settlement of the above-referenced matter after extensive, arm's length settlement negotiations.

The Parties have made an application, pursuant to Federal Rule of Civil Procedure 23(e) for an order for Preliminary Approval of the settlement of this Action upon the terms and conditions set forth in the Settlement Agreement; and

The Court has reviewed and considered the Settlement Agreement and accompanying Exhibits, and the Parties' application for such an order and found good cause for same;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

**A.  The Settlement Class**

1.  <u>Jurisdiction</u>. The Court has jurisdiction over the Parties and the subject matter of the dispute.

2.  <u>Conditional Certification of Settlement Class</u>. Pursuant to Rules 23(b)(3) and 23(c)(1) of the Federal Rules of Civil Procedure and for purposes of the settlement only, the Court hereby conditionally certifies this action as a class action on behalf of the following Settlement Class:

> All persons in the United States who were sent text message advertisements by or on behalf of Family Dollar, as part of a subscription-based program, from October 16, 2013 to the date of preliminary approval. Excluded from the Settlement Class are Plaintiff's counsel, Defendant, as well as the officers, directors, agents, servants or employees of Defendant and the immediate family members of such persons, and the members of the Missouri federal judiciary.

3. <u>Appointment of Class Representative</u>. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that, for purposes of the Settlement, named plaintiff Reginald Moore is a member of the Settlement Class and that, for Settlement purposes only, he adequately satisfies the requirement of typicality and adequately represent the interests of the Settlement Class Members. The Court hereby appoints the named plaintiff Reginald Moore as Class Representative of the Settlement Class.

4. <u>Appointment of Class Counsel</u>. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, and having found counsel to be adequate, the Court hereby appoints David T. Butsch and Christopher E. Roberts of Butsch Roberts & Associates LLC as Class Counsel to represent the Settlement Class.

5. <u>Preliminary Findings</u>. The Court, having conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Agreement, hereby finds that the Settlement falls within the range of reasonableness meriting further proceedings and possible final approval and dissemination of the Class Settlement Notice to the Settlement Class. The Court hereby preliminarily approves the Agreement, and the terms and conditions of the Settlement set forth therein, subject to further consideration in the Final Approval Hearing described below.

**B.    The Final Approval Hearing**

6.    Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Final Approval Hearing on **Wednesday, June 1, 2016 at 10:30 a.m.**, for the purposes of:

(a)    Finally determining whether the Settlement Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, whether the Litigation should be certified as a class action for purposes of effectuating the Settlement;

(b)    Determining whether the Settlement on the terms and conditions set forth in the Agreement, is fair, just, reasonable, and adequate to the Settlement Class and should be approved by the Court;

(c)    Considering the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses;

(d)    Considering the application of the Class Representative for an Incentive Award;

(e)    Reviewing objections, if any, regarding the Settlement Agreement;

(f)    Determining the validity of Requests for Exclusion, if any, and excluding from the Settlement Class those Persons who validly and timely opted out;

(g)    Considering whether the Court should enter the an Order Approving Class Action Settlement and Final Judgment of Dismissal with Prejudice, dismissing the Action with prejudice;

(h)    Ruling upon such other matters as the Court may deem necessary and appropriate.

3

7. **Plaintiff shall provide the Court with evidence in support of class counsel's application for attorneys' fees and expenses and the class representative's application for incentive award.**

8. Modifications to Settlement. The Parties may modify the Agreement prior to the Final Approval Hearing, so long as such modifications do not materially change the terms of the Settlement provided thereunder. The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

C. **Objections to Settlement.**

9. Objection Procedure. Any Settlement Class Member who intends to object to any aspect of the Settlement, including the requested Attorneys' Fees and Expenses, or Incentive Award, must do so on or before the Opt-Out and Objection Date. In order to object, the Settlement Class Member must file a written objection with the Court on or before the Opt Out and Objection Date and serve it via first-class mail on Class Counsel and Family Dollar's Counsel and include: (a) the name, address, telephone number, and email address of the Person objecting and, if represented by counsel, of his/her counsel; and (b) certification that the Settlement Class Member was texted by Family Dollar on an identified telephone number. An objecting Settlement Class Member must state, specifically and in writing, all objections and the basis for any such objections, and provide a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel. If the Settlement Class Member, with or without counsel, intends to appear at the Final Approval Hearing, he/she must also file a Notice of Appearance with the Court. Any Settlement Class Member who fails to file and submit and serve timely a written objection and notice of his or her intent to appear at the Final Approval

4

Hearing pursuant to this Section, as detailed in the Notice, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means. Counsel for the Parties shall file copies of all objections with the Court. Such papers must be sent to each of the following Persons:

| District Court Clerk | Class Counsel |
|---|---|
| Clerk of the Court,<br>United States District Court for the Eastern District of Missouri<br>111 South 10th Street, Suite 3.300<br>St. Louis, MO 63102 | David T. Butsch<br>Butsch Roberts & Associates LLC<br>231 South Bemiston Ave, Suite 260<br>Clayton, MO 63105<br>(314) 863-5700<br>butsch@butschroberts.com |
| **Defense Counsel**<br><br>James F. Monafo<br>Husch Blackwell LLP<br>190 Carondelet Plaza, Suite 600<br>St. Louis, MO 63105-3433<br>(314) 480-1840<br>Jim.Monafo@huschblackwell.com | |

All objections must include a reference to *Moore v. Family Dollar Stores, Inc.*, Case No. 4:14-CV-01542-JAR (D. Mo.), the name, address, and telephone number of the Settlement Class Member submitting the objection, a statement of his or her objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of his or her objection, and the submitting Person's signature. Each Settlement Class Member submitting an objection must state whether he or she (or his or her representative) intends to appear at the Final Approval Hearing.

5

10.     <u>Appearance at Final Approval Hearing</u>.   Attendance at the Final Approval Hearing is not necessary; however, any Person wishing to be heard orally with respect to approval of the Settlement, the application for Attorneys' Fees and Expenses, or the application for Plaintiff's Incentive Award, are required to provide written notice of their intention to appear at the Final Approval Hearing no later than the Opt-Out and Objection Deadline as set forth in the Class Settlement Notice. Persons who do not intend to oppose the Settlement, Attorneys' Fees and Expenses or Incentive Awards need not take any action to indicate their approval. A Person's failure to submit a written objection in accordance with the Opt-Out and Objection Deadline and the procedure set forth in the Class Settlement Notice waives any right the Person may have to object to the Settlement, Attorneys' Fees and Expenses, or Incentive Awards, or to appeal or seek other review of the Final Judgment or the Order Approving Class Action Settlement. Any Settlement Class Member may enter an appearance in the Action at his or her own expense, individually or through counsel. All Settlement Class Members who do not enter an appearance will be represented by Class Counsel.

All papers in support of the Settlement and any application for an award of Attorneys' Fees and Expenses and/or Incentive Awards must be filed with the Court and served via ECF at least twenty-one (21) days prior to the Final Approval Hearing.

**D.     The Court Approves the Form and Method of Class Notices**

11.     <u>Class Notices</u>.   The Court approves, as to form and content, the proposed Class Settlement Notices, which are the post-card notice and long-form notice. The Court finds that the form of notice set forth in the Settlement Agreement is reasonably calculated to apprise Settlement Class Members of the pendency of the Action, their right to object to the proposed Settlement, opt out of the Settlement Class, or participate.

6

12. <u>Distribution of Class Notices</u>.

(a) The Court finds that the distribution of the Class Notices substantially in the manner and form set forth in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled thereto;

(b) The Court directs Defendant to establish a Settlement website, making available copies of this Order, Class Notices (the post-card notice and long form notice), the Settlement Agreement and all Exhibits thereto, instructions on how to submit Claims online or by e-mail or facsimile, Orders of the Court pertaining to the Settlement, and such other information as may be of assistance to Settlement Class Members or required under the Agreement;

(c) Defendant is ordered to cause the post-card notice to be disseminated to potential Settlement Class Members within twenty-eight (28) days following preliminary approval; and,

(d) Defendant shall file with the Court a statement of compliance with the notice procedures set forth in the Settlement Agreement no later than five (5) business days prior to the Final Approval Hearing.

**E.   Procedure for Requesting Exclusion from the Settlement Class**

13. Any Person falling within the definition of the Settlement Class may, upon his or her request, be excluded from the Settlement Class. Any such Person must submit a completed Request for Exclusion, signed by the Person, to Class Counsel post-marked on the date no later than the Opt Out and Objection Date (*i.e.*, fourteen (14) days prior to the Final Approval Hearing), as set forth in the Class Settlement Notice. Requests for Exclusion purportedly filed on behalf of multiple Persons or classes of Persons are prohibited and will be deemed to be void.

14. Any Settlement Class Member who does not send a completed, signed Request for Exclusion to Class Counsel post-marked on or before the Opt Out and Objection Deadline will be deemed to be a member of the Settlement Class for all purposes and will be bound by all further orders of the Court in this Action and by the terms of the Settlement, if finally approved by the Court. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in the Settlement Agreement shall have no rights under the Settlement Agreement and shall not be bound by the Settlement or the Final Judgment and the Order Approving Class Action Settlement.

15. Class Counsel shall provide counsel for Defendant with a list of all timely Requests for Exclusion within five (5) business days after the Opt-Out and Objection Deadline.

**F. Miscellaneous Provisions**

16. Stay. Pending final determination of whether the Settlement should be approved, all discovery and all proceedings in the Litigation unrelated to the approval of the Settlement, the application for Attorneys' Fees and Expenses, and the Application for Incentive Award are stayed.

17. Termination of Settlement. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the settlement is terminated in accordance with the Settlement Agreement.

18. Use of Order. This Order shall not be used by any Party or otherwise or construed as an admission, concession, or a presumption by or against either Party of any fault, wrongdoing, failure of disclosure, improper or illegal business practice or waiver of any claim or defense that he, she, or it may have in the event the Settlement Agreement is terminated. In the

event that this Order becomes of no force or effect, it shall not be construed or used as an admission, concession or presumption by or against the Defendant, the Plaintiff, or the Class.

19. Jurisdiction. The Court retains exclusive jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

IT IS SO ORDERED.

Dated this 7th day of March, 2016

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE