# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| REGINALD MOORE, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | Case No.: 4:14-CV-01542-JAR |
| v. ) ) | |
| FAMILY DOLLAR STORES, INC., ) ) | |
| Defendant. ) | |

## JUDGMENT AND ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

The Court having held a Final Approval Hearing on June 22, 2016, and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Order, and good cause appearing therefore,

It is hereby **ORDERED AND DECREED** as follows:

1. In his amended complaint, [Doc. 11], Plaintiff asserts a claim on behalf of himself and a similarly situated class that Defendant Family Dollar Stores, Inc. violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 ("TCPA") by sending Plaintiff and members of the class text messages without first obtaining prior express written consent.

2. The settlement class was conditionally certified for settlement purposes in this Court's preliminary approval order:

> All persons in the United States who were sent text message advertisements by or on behalf of Family Dollar, as part of a subscription-based program, from October 16, 2013 to the date of preliminary approval. Excluded from the Settlement Class are Plaintiff's counsel, Defendant, as well as the officers and directors of Defendant and the immediate family members of such persons, and the members of the Missouri federal judiciary.

3.     The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all settlement class members (as defined above), including, without limitation, jurisdiction to approve the proposed settlement, grant final certification of the settlement class, and dismiss this Action with prejudice.

4.     The Court finds that, for purposes of approving and effectuating the settlement embodied in the settlement agreement, and only for such purposes, the prerequisites for certifying this Action as a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) have been met, in that: (a) the members of the settlement class are so numerous that joinder of all individual members is impracticable; (b) there are questions of law and fact common to the settlement class, which questions predominate over individual questions; (c) the claims of the class representative is typical of the settlement class members; (d) the class representative and Class Counsel have fairly and adequately represented the interests of the settlement class and will continue to do so; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the issues relating to the settlement.

5.     A total of seven settlement class members submitted requests for exclusion. The Court hereby orders that each of those individuals is excluded from the settlement class. Those individuals will not be bound by the settlement agreement, and neither will they be entitled to any of its benefits.  Those individuals will not be bound by this order and final judgment or the releases herein.

6.     There have been no objections to the settlement asserted by any members of the settlement class.

7. The class representative appointed in this Court's order preliminarily approving the settlement has fairly and adequately represented the settlement class throughout the proceedings and is hereby finally confirmed and appointed as class representative.

8. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the settlement class throughout the proceedings and for purposes of entering into and implementing the settlement, and thus hereby reiterates the appointment of Class Counsel to represent the settlement class.

9. Pursuant to Federal Rule of Civil Procedure 23(c)(2) and (e), the notice provided to the settlement class constitutes the best and most practicable notice under the circumstances. The notice program was designed to provide notice in the manner most likely to be received and read by settlement class members. The settlement class received valid, due, and sufficient notice that complied fully with Federal Rule of Civil Procedure 23 and the Constitutional requirements of due process.

10. The Court hereby finds and concludes that the notice provided by the Claims Administrator to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

11. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds, after a hearing and based upon all submissions of the Parties and interested Persons, that the settlement proposed by the Parties is fair, reasonable, and adequate.  The terms and provisions of the settlement agreement are the product of lengthy, arm's-length negotiations. Approval of the settlement will result in substantial savings of time, money, and effort to the Court and the Parties, and will further the interests of justice. The Court hereby finally approves the agreement,

the exhibits, and the settlement contemplated thereby, and directs its consummation pursuant to its terms and conditions.

12. Having considered the submissions by Class Counsel and all other relevant factors, the Court finds that Class Counsel have expended substantial time and effort in their able prosecution of claims on behalf of the settlement class. The Class Representative initiated this action, acted to protect the settlement class, and assisted Class Counsel. The efforts of Class Representative and Class Counsel have produced a settlement agreement entered into in good faith that provides a fair, reasonable, adequate and certain result for the settlement class. In evaluating an award of attorneys' fees under the facts and circumstances of this case, the Court favors a lodestar and multiplier approach over a percentage of recovery approach, as it provides a rational basis for the Court's review and determination. The Court has reviewed *in camera* the billing statements of Class Counsel as well as the declaration of the Class Representative. Defendant has agreed to Class Counsel's request for $450,000 as attorneys' fees, $11,274.81 for expenses incurred in the litigation, and a $20,000 service award to the Class Representative, and the Court approves these requests as reasonable.  Payment to the Class Representative and attorneys' fees awarded shall be paid from the Settlement Fund on the Effective Date, in accordance with Paragraph 16 of the settlement agreement.

13. All settlement class members who have not been excluded above are bound by this order, the accompanying final judgment, and by the terms and provisions of the settlement agreement incorporated herein.

14. The Court hereby **DISMISSES** this action with prejudice, without costs to any party, except as awarded above.

15. The Plaintiffs and each of the settlement class members unconditionally, fully, and

finally release and forever discharge the released parties as provided in the settlement agreement. In addition, any rights of the Class Representatives and each and every one of the settlement class members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

16.     The settlement agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, this order and the final judgment, or the fact of the settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of liability, fault or wrongdoing, or in any way referred to for any other reason, by the Plaintiff, settlement class member, Defendant, any releasing party or released party in this action or in any other civil, criminal, or administrative action or proceeding, except for purposes of enforcing the provisions of the Agreement, this order and the final judgment. Without affecting the finality of this judgment, the Court, under the Court's contempt power, retains exclusive jurisdiction over this Action and the Defendant, Plaintiff, and settlement class members in this action regarding the settlement including without limitation the settlement agreement and this order.

17.     No opinions concerning the tax consequences of the settlement to settlement class members have been given, and no representations or warranties regarding such tax consequences are made in the Agreement. The Parties and their respective counsel shall not be liable to any party or person for any tax consequences that result from the implementation of this settlement. Settlement class members must consult their own tax advisors regarding the tax consequences of the Settlement, including any payments or credits provided or relief awarded under the settlement and any tax reporting obligations with respect to it.

18. The Court reserves jurisdiction over the implementation, administration and enforcement of this order, the final judgment, the settlement agreement, and all other matters that the Court may deem ancillary thereto. Nothing in this order or the final judgment shall preclude any action to enforce the terms of the settlement agreement; nor shall anything in this order or the final judgment preclude Plaintiff or settlement class members from participating in the claims process described in the settlement agreement if they are entitled to do so under the terms of the settlement agreement.

19. Class Members do not waive their right to contact, in any way or for any purpose, any state or federal agency regarding the activities of any party, nor do they waive any right to enjoy any benefits obtained by a state or federal agency.

20. The Parties and their counsel are hereby directed to implement the settlement agreement according to its terms and provisions.

21. As of the date of the final approval hearing, an approximate total of 14,363 settlement class members submitted timely and valid claims. The Court hereby orders that these claims, and any other claims subsequently determined to be timely and valid by the settlement administrator pursuant to the terms set forth in the settlement agreement, be treated as approved claims for purposes of distributing the settlement benefits.

22. Any checks issued to any class member that remain uncashed, and any gift cards returned to the Class Administrator, shall not become property of Defendant but shall be paid, with approval of the Court, to a charitable organization. As provided in Paragraph 16 of the settlement agreement, checks issued to settlement class members will be void 180 days after issuance. The parties will report to the Court within 200 days following issuance of payment to inform the Court as to the amount of checks that remain uncashed and the number of returned

gift cards and to recommend how and where such funds should be distributed.

23. By attaching the settlement agreement as an exhibit and incorporating its terms herein, the Court determines that this order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

24. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.


Dated this 5th day of July, 2016.

                                                 *[signature: John A. Ross]*

                                                 **JOHN A. ROSS**
                                                 **UNITED STATES DISTRICT JUDGE**